IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAELA BAMBINO-FORTE, | : | |
|     *Plaintiff,* | : | CIVIL ACTION |
| v. | : | No. 25-4701 |
| | : | |
| JBH TRUCKING, INC., et al., | : | |
|     *Defendants.* | : | |

## MEMORANDUM

**HON. JOSÉ RAÚL ARTEAGA**                                                      December 10, 2025
**United States Magistrate Judge**[1]

      Plaintiff Jaela Bambino-Forte filed a Complaint in the Philadelphia County Court of Common Pleas claiming that she suffered injuries when Defendant Isaac Polen rear-ended her vehicle in the course of his employment for Defendant JBH Trucking, Inc. ("JBH"). Her Complaint generally alleges damages exceeding the local arbitration threshold. More than thirty days later, Bambino-Forte filed a document confirming a $750,000 written demand. Defendants filed their Notice of Removal in this Court ten days after that. Bambino-Forte now moves to remand this matter to state court.

      Under the Third Circuit's bright-line test for when removal is timely, Defendants were not on notice that the amount-in-controversy requirement for diversity jurisdiction was met until Bambino-Forte filed her written demand. Because Defendants removed this case within thirty days of that filing, the Court **DENIES** Bambino-Forte's Motion.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings, including the entry of a final judgment, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (*See* ECF 12.)

**I.     BACKGROUND**

Bambino-Forte, a Pennsylvania citizen, alleges that on November 6, 2023, she was stopped for traffic in Philadelphia, Pennsylvania.  (ECF 6-1 at ECF p. 2, ¶ 6.)  She avers that Polen "negligently collided" his work truck into the rear of her vehicle, causing "injuries to her head, neck, back, and left ankle," including a "lumbar disc herniation at L5/S1 and an intrasubstance tear of the Achilles tendon."  (*Id.* at ECF p. 3-4, ¶¶ 7, 11.)

Bambino-Forte filed her Complaint in Philadelphia County against Defendants—New Jersey citizens—on March 28, 2025.  (*Id.* at ECF p. 1-2, ¶¶ 1-3.)  Her Complaint alleges that she has suffered past and ongoing medical expenses in addition to "loss of earnings and/or impairment of her earning capacity." (*Id.* at ECF p. 4-5, ¶¶ 13-14.) Consistent with Pennsylvania Rule of Civil Procedure 1021(c), it demands damages exceeding $50,000, *i.e.*, enough to avoid referral to arbitration in Philadelphia.  (*Id.* at ECF p. 5.) *See* Pa. R. Civ. P. 1021(c) (requiring plaintiffs to "state whether the amount claimed does or does not exceed the jurisdictional amount requiring arbitration referral by local rule"); 42 Pa. C.S. § 7361(a)-(b) (mandating arbitration referral unless the amount in controversy exceeds $50,000); Phila. Ct. Comm. Pl. Civ. R. *1301 (same); *see also Glover v. Speedway, LLC*, No. 23-2691, 2024 WL 343170, at *1 (E.D. Pa. Jan. 30, 2024) (noting Philadelphia County's arbitration limit). Bambino-Forte served JBH and Polen with her Complaint on March 31 and May 21, 2025, respectively. (ECF 6 at ECF p. 3, ¶¶ 9-10; ECF 8 at 2, ¶¶ 10-11; ECF 6-1 at ECF p. 8-11.)

Bambino-Forte filed a Case Management Conference Memorandum ("CMCM") asserting a demand for $750,000 on August 4, 2025.  (ECF 1-6 at ECF p. 2-3.)  Ten days

2

later, on August 14, 2025, Defendants filed their Notice of Removal, asserting that they only knew the alleged amount in controversy exceeded $75,000 when Bambino filed her CMCM. (ECF 1 at ECF p. 2, ¶¶ 4-5.) Bambino-Forte filed her Motion to Remand on August 18, 2025. (ECF 6.) She maintains that Defendants' removal was untimely. (*Id.*)

II.     **LEGAL STANDARDS**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Original jurisdiction exists where the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *Id.* § 1332(a).

The removal procedure is set forth in 28 U.S.C. § 1446. "Two thirty-day clocks limit the time within which a defendant may remove a case." *McLaren v. UPS Store Inc.*, 32 F.4th 232, 236 (3d Cir. 2022). First, under § 1446(b)(1), a defendant may file a notice of removal within thirty days of "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." Second, under § 1446(b)(3), "if the case stated by the initial pleading is not removable," a defendant may remove a case within thirty days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." (Emphasis added). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier served defendant may consent to the removal . . . ." 28 U.S.C. § 1446(b)(2)(C). It is the removing party's burden to demonstrate that removal is proper. *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015).

A plaintiff may move to remand a matter back to state court based on procedural defects in a defendant's removal process within thirty days of the notice of removal's filing. *See* 28 U.S.C. § 1447(c); *Dirauf v. Berger*, 57 F.4th 101, 105 (3d Cir. 2022) ("Remands under § 1447(c) and (d) are predicated on a lack of subject matter jurisdiction or a defect in the removal procedure."). Untimely notice of removal constitutes a procedural defect. *See, e.g.*, *Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) (noting as such); *Green Tree Servicing LLC v. Cargille*, 662 F. App'x 118, 120-21 (3d Cir. 2016) (same); *McLaren*, 32 F.4th at 236 ("If [§ 1446(b)(1) or § 1446(b)(3)] is triggered, removal after thirty days is prohibited."). "Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *A.S. by Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citation modified).

The Third Circuit has adopted a bright-line rule to determine whether removal is timely—the thirty-day clock only begins to run when "the four corners" of a document notify a defendant that the requirements for original jurisdiction have been met. *McLaren*, 32 F.4th at 238 ("The plain language of the statute focuses only on what a defendant receives, not what the defendant possesses or knows." (citation modified)); *see also Foreacre v. Wal-Mart Stores, Inc.*, No. 22-4231, 2023 WL 349787, at *2 (E.D. Pa. Jan. 20, 2023) (collecting cases applying the bright-line approach). What a defendant subjectively knows is irrelevant, and it is under no obligation to investigate a matter's removability. *See McLaren*, 32 F.4th at 238-40 (noting that a defendant need only "apply ordinary intelligence in reading the documents it receives"). A complaint may provide the requisite degree of specificity that the amount in controversy is satisfied by: (1) offering

4

"a clear statement of the damages sought"; (2) alleging "sufficient facts from which damages can be readily calculated"; or (3) "affirmatively revealing on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount." *Id.* at 237 (citation modified).

## III.   DISCUSSION

Whether Defendants' Notice of Removal was timely filed under 28 U.S.C. § 1446(b) hinges on whether the thirty-day removal period was triggered on May 21, 2025, under § 1446(b)(1) with service of the Complaint on Polen—the later-served defendant, *see* § 1446(b)(2)—or on August 4, 2025, under § 1446(b)(3) with the filing of Bambino-Forte's CMCM.[2]

Bambino-Forte argues that removal was untimely because "removability was ascertainable on day one." (ECF 6 at ECF p. 7.) She claims that her damages were "necessarily above the $75,000 federal jurisdiction threshold" because she alleged a "herniated disc and a torn Achilles tendon." (*Id.*) According to Bambino-Forte, the removal period expired on June 20, 2025—thirty days after Polen was served on May 21, 2025—and "no later 'other paper' could revive the removal period." (*Id.* at ECF p. 6-7). In her view, Defendants' Notice of Removal was late because they did not file it until August 14, 2025. (*Id.* at ECF p. 6) Bambino-Forte asserts that the thirty-day period "is jurisdictional and not subject to equitable extension" and argues that remand is therefore

---

[2] The parties do not dispute that jurisdiction is proper under 28 U.S.C. § 1332, as they acknowledge that they are diverse of citizenship and the amount in controversy exceeds $75,000. (*See* ECF 6 at ECF p. 7; ECF 8 at 8.)

required. (*Id.* (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999)).

Defendants respond that the Complaint's reference to Bambino-Forte's alleged physical injuries was insufficient to permit them to determine that the amount in controversy was above the diversity jurisdiction threshold and did not start § 1446(b)(1)'s thirty-day removal clock. (*See* ECF 8 at 8-9.) They contend that they were only put on notice of the case's removability on August 4, 2025, when Bambino-Forte filed her CMCM with her $750,000 settlement demand. (*Id.* at 9.) In their view, this started § 1446(b)(3)'s thirty-day removal period and, because they filed the notice of removal ten days later, they maintain that their notice of removal was timely. (*Id.*) They contend that Bambino-Forte's motion is "wholly premised on a timeliness argument" that disregards the "bright line approach" announced in *McLaren*, 32 F.4th at 238-39. (ECF 8 at 8.)

Applying *McLaren*, the Complaint failed to put Defendants on notice that this case was removable. Bambino-Forte cites few cases to support her argument to the contrary, and all predate *McLaren*. (*See* ECF 6 at ECF p. 7.) Further, none stand for the proposition that merely listing physical injuries in a complaint provides adequate notice of the amount in controversy. *See Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3d Cir. 1993) (noting that the proper inquiry is "whether a document the defendant receives informs the reader, to a substantial degree of specificity, that all the elements of federal jurisdiction are present") (citation modified), *implied overruling recognized by*, *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214 (3d Cir. 2005); *Murphy Bros.*, 526 U.S. at 347-48 (holding that the thirty-day removal period begins to run upon formal service of the summons and

receipt of the complaint, "through service or otherwise"). While Bambino-Forte may believe that her claimed injuries made clear that she sought damages in excess of $75,000, her Complaint did not allege any facts to demonstrate their severity or allege any specific damages amount. (*See* ECF 6-1 at ECF p. 2-5.) More was required to start the removal clock.

In contrast, Defendants support their response with numerous, persuasive, in-Circuit, post-*McLaren* decisions holding that complaints without specified damages are insufficient to provide notice of a case's removability. *See Miller v. Whole Foods Mkt., Inc.*, No. 22-2495, 2022 WL 16950265, at *3 (E.D. Pa. Nov. 15, 2022) (holding that allegations of "serious, disabling and permanent personal injuries without alleging any monetary amounts" were insufficient to provide notice that amount in controversy exceeded $75,000); *Tarakciyan v. Supercenter-Secaucus*, No. 23-1179, 2023 WL 5807374, at *4 (D.N.J. Aug. 17, 2023) (finding allegations of "great pain and torment" and "great and diverse sums of money [spent on] medical aid and treatment" were "too vague" to provide a basis to readily calculate damages), *report and recommendation adopted sub nom.*, *Tarakciyan v. Walmart Supercenter-Secaucus*, No. 23-1179, 2023 WL 5806343 (D.N.J. Sept. 7, 2023); *Foreacre*, 2023 WL 349787, at *3 (holding that the defendant had no duty to investigate or add unspecified lost future earnings to $65,559.96 in claimed damages to determine if amount in controversy was met); *Baucom v. Torres Vidal*, No. 24-1818, 2024 WL 5108439, at *4 (E.D. Pa. Dec. 12, 2024) (finding that the plaintiffs' allegations of loss of consortium, "severe and permanent injuries . . . , medical care costs, possible surgery, and impaired earning capacity" were insufficient to overcome lack of specified damages in complaint).

Consistent with *McLaren*, Bambino-Forte's Complaint did not provide enough facts to allow the ready calculation of damages and did not suffice to put Defendants on notice that they could remove her claims to federal court.

Moreover, a CMCM qualifies as "other paper" under § 1446(b)(3). *See, e.g.*, *Baucom*, 2024 WL 5108439, at *4; *Miller*, 2022 WL 16950265, at *3; *Rosenfield v. Forest City Enters., L.P.*, 300 F. Supp. 3d 674, 678-80 (E.D. Pa. 2018); *Kukla v. Wal-Mart Stores E., LP*, No. 17-4528, 2017 WL 6206261, at *4 (E.D. Pa. Dec. 8, 2017). Therefore, the thirty-day removal window was triggered not by Bambino-Forte's Complaint, but by the filing of the CMCM on August 4, 2025. As Defendants filed their Notice of Removal ten days later, it was timely under § 1446(b)(3).

**IV.   CONCLUSION**

For the foregoing reasons, the Court **DENIES** Bambino-Forte's Motion to Remand. An appropriate Order follows.